**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gay,<br><br>                Plaintiff,<br><br>v.<br><br>Trumbull Insurance Company,<br><br>                Defendant. | No. CV-13-02269-PHX-DGC<br><br>**ORDER** |

The parties have filed cross motions for summary judgment and a stipulated statement of facts consistent with the Court's order. Docs. 7, 10-12. The Court finds that oral argument is not needed. The Court will deny Plaintiff's motion, grant Defendant's motion, and set another case management conference.

**I.    Facts.**

Defendant issued an automobile and personal umbrella policy (the "Policy") to Daniel and Nancy Gay ("Named Insureds"). The Policy was issued in Chaska, Minnesota for the policy period from May 1, 2013 through November 1, 2013. All insured vehicles are garaged in Minnesota. Plaintiff is the Named Insureds' son.

Sometime before July 9, 2013, Plaintiff purchased a motorcycle. Plaintiff's motorcycle is not listed as an insured vehicle under the Policy. Plaintiff obtained liability insurance for his motorcycle through Foremost Insurance Company ("Foremost Policy"), but declined to purchase underinsured motorist coverage.

On July 9, 2013, Plaintiff was operating his motorcycle when he was involved in a

collision with a vehicle operated by Almira Guderjohn in Maricopa County, Arizona (the "Accident"). Guderjohn and her insurer have accepted a portion of liability for the Accident. Guderjohn's liability insurance policy provides $100,000 per person for bodily injury. Guderjohn's insurer has tendered its policy limits, but these limits are insufficient to fully compensate Plaintiff for his injuries. Plaintiff does not have any other insurance available that provides compensation for the bodily injuries he sustained in the Accident.

The parties agree that Minnesota law applies and that Plaintiff was an insured under the Policy, but the Policy contains the following exclusion (the "Exclusion"):

> A. We do not provide coverage under this section (underinsured motorist coverage) for bodily injury sustained by an insured:
>
> 1. While occupying any motor vehicle owned by that insured which is not insured for this coverage under this Policy. This includes a trailer of any type used with that vehicle.

Plaintiff tendered a claim for payment under the Policy, but Defendant declined coverage based on the Exclusion. Defendant agrees that it must provide coverage if the Exclusion is either inapplicable or unenforceable.

**II. Analysis.**

The Court must consider two issues: first, whether the Exclusion is enforceable, and second, whether it applies to the Accident.

**A.  Enforceability of the Exclusion.**

Under Minnesota's No-Fault Automobile Insurance Act, "an insurer's liability is governed by the contract between the parties only as long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes." *Hertz Corp. v. State Farm Mut. Ins. Co.*, 573 N.W.2d 686, 689-90 (Minn. 1998). While an insurer may provide more coverage than is mandated by the Act, it may not provide less. *Id*.

The Act requires underinsured motorist ("UIM") coverage for all motor vehicles. Minn. Stat. Ann. § 65B.49, subd. 3a(2) (2008) ("Every owner of a motor vehicle registered or principally garaged in this state shall maintain uninsured and underinsured

motorist coverages as provided in this subdivision."). A person injured while occupying a motor vehicle is entitled to UIM benefits limited to the amount specified in the policy covering the motor vehicle operated at the time of injury. Coverage is specifically precluded in two situations: an insured injured while occupying a motor vehicle he or she owns is not entitled to UIM benefits unless the occupied vehicle is an insured motor vehicle, Minn. Stat. Ann. § 65B.49, subd. 3a(7), and an insured injured while occupying a motorcycle owned by the insured is not entitled to recover UIM benefits, Minn. Stat. Ann. § 65B.49, subd. 3a(8).

Under the Act, "motor vehicle" is defined as:

> [E]very vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which (a) is required to be registered pursuant to chapter 168, and (b) is designed to be self-propelled by an engine or motor for use primarily on public roads, highways or streets in the transportation of persons or property, and includes a trailer with one or more wheels, when the trailer is connected to or being towed by a motor vehicle.

Minn. Stat. Ann. § 65B.43, subd. 3. Because motorcycles are not "motor vehicles" for purposes of the Act, UIM coverage is not mandated for motorcycles. *Am. Nat'l Prop. & Cas. Co. v. Loren*, 597 N.W.2d 291, 293 (Minn. 1999); *see also Johnson v. Cummiskey*, 765 N.W.2d 652, 656 (Minn. Ct App. 2009) ("It is clear that the No-Fault Act does not require insurers to provide motorcycles with UIM coverage.").

Although Minnesota does not mandate UIM coverage for motorcycles, in 1989 the Minnesota Supreme Court found that insurers were nonetheless required by the Act to provide UIM benefits to an insured operating an owned motorcycle. *Roering v. Grinnel Mut. Reinsurance Co.*, 444 N.W.2d 829, 833 (Minn. 1989). *Roering* involved facts similar to this case. On September 9, 1986, Randy Roering was operating a motorcycle when he was involved in a collision with a motor vehicle. He was killed as a result of the collision. The motorcycle was owned by Randy and insured under a policy issued by Foremost Insurance Company that did not include UIM coverage. Randy's father,

1 Donald Roering, was insured under a policy issued by Grinell Mutual Reinsurance
2 Company that did include UIM coverage. At the time of the accident, Randy was a
3 member of Donald's household, but Randy's motorcycle was not listed as insured under
4 Donald's policy. Grinnel Mutual denied Donald's claim for UIM benefits, citing an
5 exclusion in the policy that stated: "This [UIM] coverage does not apply to bodily injury
6 sustained by a person: (1) while *occupying a motor vehicle* owned by *you or a relative*
7 for which insurance is not afforded under this part, or when struck by the *motor vehicle*."
8 *Id.* at 830 (emphasis in original). Although the *Roering* court conceded that Randy was
9 "occupying a motor vehicle owned by you or a relative" under the Grinell Mutual policy,
10 it held that the exclusion was unenforceable because it conflicted with the coverage
11 guaranteed by the Act. *See* Minn. Stat. Ann. § 65B.49, subd. 3a(5) ("If at the time of the
12 accident the injured person is not occupying a motor vehicle, the injured person is
13 entitled to select any one limit of liability for any one vehicle afforded by a policy under
14 which the injured person is insured[.]")

15 The Minnesota legislature responded to *Roering* by amending the Act to allow the
16 exclusion invalidated in *Roering*. The Act now permits insurers to exclude insureds
17 operating motorcycles from UIM coverage. Minn. Stat. Ann. § 65B.49, subd. 3a(8)
18 ("The uninsured and underinsured motorist coverages required by this subdivision do not
19 apply to bodily injury of the insured while occupying a motorcycle owned by the
20 insured."); *Johnson v. W. Nat'l Mut. Ins.*, 540 N.W.2d 78, 81 (Minn. Ct App. 1995)
21 ("Effective August 1, 1990, the legislature amended the No Fault Act and partially
22 overruled *Roering*. Under the 1990 amendment, an owner of a motorcycle who is injured
23 while occupying that motorcycle may only look to uninsured or underinsured benefits
24 purchased for that motorcycle.").

25 The Exclusion in this case disclaims UIM coverage for an insured who is injured
26 while "occupying any motor vehicle owned by that insured which is not insured for
27 [UIM] coverage under this policy." Doc. 11, ¶ 18. Plaintiff argues that the Exclusion is
28 not enforceable because it "disclaims *all coverage* while occupying any 'motor vehicle.'"

Doc. 10 at 10 (emphasis in original). Plaintiff is incorrect. The Exclusion disclaims UIM coverage for an insured injured while occupying a vehicle *owned by that insured* which is *not insured for UIM coverage under the Policy*. The Exclusion accords with Minn. Stat. Ann. §§ 65B.49, subd. 3a(7) & (8), which carve out two exceptions to the mandate for UIM coverage, one for motorcycles owned by the insured and one for motor vehicles owned by the insured that are not listed in the policy. The Exclusion is therefore enforceable.[1]

### B. Applicability of the Exclusion.

Under Minnesota law, "[t]he insured bears the burden of demonstrating coverage under an insurance policy." *SECURA Supreme Ins. Co. v. M.S.M.*, 755 N.W.2d 320, 323 (Min. Ct. App. 2008). General principles of contract interpretation apply to insurance policies. *St. Paul Sch. Dist. No. 625 v. Columbia Transit. Corp.*, 321 N.W.2d 41, 45 (Minn. 1982). "The paramount question in construing an insurance policy is what hazards the parties intended to cover." *Hertog v. Milwaukee Mut. Ins. Co.*, 415 N.W.2d 370, 372 (Minn. Ct. App. 1987). A court looks first to the "ordinary and usual meaning" of the policy language. *Simon v. Milwaukee Auto. Mut. Ins. Co.*, 115 N.W.2d 40, 45 (Minn. 1962). If the policy's language is unambiguous, "the language must be given its usual and accepted meaning," *Lobeck v. State Farm Mutual Automobile Insurance Co.*, 582 N.W.2d 246, 249 (Minn. Ct. App. 1989) (citation omitted), but if the policy language is ambiguous, "the ambiguity must be resolved in the insured's favor," *Kastning v. State Farm Insurance Companies*, 821 N.W.2d 621, 624 (Minn. Ct. App. 2012) (quoting *SECURA*, 755 N.W.2d at 323); *Brookfield Trade Center Inc. v. County of Ramsey*, 584 N.W.2d 390, 394 (Minn. 1998) ("A contract is ambiguous if its language is reasonably susceptible to more than one interpretation."). A court must not read ambiguities "into the policy's plain language to provide coverage where it does not legitimately exist."

---

[1] Plaintiff misquotes the Exclusion. Plaintiff states that the Exclusion disclaims coverage when "occupying any motor vehicle which is not insured for this coverage." Doc. 10 at 9. The Exclusion actually disclaims coverage when "occupying any motor vehicle *owned by that insured* which is *not insured for [UIM] coverage under this policy*." Doc. 11, ¶ 18 (emphasis added).

- 5 -

1  *Hertog*, 415 N.W.2d at 372 (citing *Emp'rs Mut. Cas. Co. v. Kangas*, 245 N.W.2d 873, 875 (1976)).

The crux of Plaintiff's argument is that the term "motor vehicle" is ambiguous as used in the Exclusion. Plaintiff urges the Court to apply the definition of "motor vehicle" from the Act, which does not include motorcycles. *See* Minn. Stat. Ann. § 65B.43, subd. 3. But the Court does not find "motor vehicle" to be ambiguous. As Defendant demonstrates from dictionary definitions, it includes land vehicles that are motorized, including motorcycles. *See also Loren*, 597 N.W.2d 291, 292-93 (assuming a motorcycle is a "land motor vehicle"); *Wintz v. Colonial Ins. Co. of Cal.*, 542 N.W.2d 625, 626-27 (Minn. 1996) (assuming that a motorcycle is a "motor vehicle" for purposes of construing an insurance policy exclusion); *Taulelle v. Allstate Ins. Co.*, 207 N.W.2d 736, 738-39 (Minn. 1973) ("Motor vehicle is a generic term which in its broadest sense includes all self-propelled land vehicles."); *see generally Adams v. Julius*, 719 S.W.2d 94, 99 (Mo. Ct. App. 1986) ("The term 'land motor vehicle,' although broad, is not ambiguous. Plaintiff's motorcycle is clearly a 'land motor vehicle[.]'"); *Auto Owners Ins. Co. v. Ellegood*, 386 N.W.2d 640, 642 (Mich. Ct. App. 1986) (finding that the term "motor vehicle" is unambiguous and that its "plain, ordinary and generally accepted meaning is sufficiently broad to encompass a motorcycle."). Because "motor vehicle" is not ambiguous, it "must be given its usual and accepted meaning." *Lobeck*, 582 N.W.2d at 249. It includes motorcycles, and the Exclusion therefore applies to this case.

### C.  Conclusion.

Having found the Exclusion enforceable and applicable, the Court will enter summary judgment for Defendant.

**IT IS ORDERED**:

1. Plaintiff's motion for summary judgment (Doc. 10) is **denied**.
2. Defendant's motion for summary judgment (Doc. 12) is **granted**.

3. A second case management conference will be held **September 19, 2014 at 3:30 p.m.**

Dated this 18th day of August, 2014.

> David G. Campbell
> United States District Judge

- 7 -